## STICKNEY v. JUDGE MOBILE COUNTY COURT.

1. Since the passage of the act of the 27th January, 1845, to organize a board of Commissioners of Roads and Revenue for Mobile county, the Judge of the County Court has no power to appoint commissioners, to examine the office of the county treasurer.

Appeal from the County Court of Mobile.

The Judge of the County Court of Mobile, appointed B. B. Breeden, W. Magee, and W. H. Platt, commissioners to examine the books and vouchers of the county treasurer of Mobile county, for the year 1845, and issued a commission to them for that purpose, who returned thereon, that the plaintiff in error, the county treasurer, declined to permit the examination to be made.

A rule was then made by the County Court on the treasurer, that he show cause why he should not be punished for a contempt, for his refusal to obey the mandate of the court.

The treasurer appeared, and for cause showed, that the power of the Judge of the County Court of Mobile over the subject, had been divested by the act of 27th January, 1845, and vested in the President and Commissioners of Mobile county. He further insisted, that the examination of his office could not be made until after the 30th September, 1846, which was the term of the financial year.

The court determined, that it had the power to appoint commissioners for the examination of the treasurer's office, and that the treasurer was guilty of a contempt, in refusing to submit his books and vouchers to the inspection of the commissioners, and fined him $100 for the alledged contempt.

This is now assigned as error.

Phillips, for plaintiff in error.

The acts of 1844-5, (Pamphlet Acts, 147,) deprived the Judge of the County Court of all power over the revenue of the county, and vested all these powers in the commissioners' court.

The power which was previously lodged in the county Judge, was not intended to invest him with judicial authority. [8 Ala. 443.]

The power to punish for a contempt, is confined to courts of record. [Clay's Dig· 150.] The power to punish for a contempt in the face of the court, is necessary to the preservation of order, and may be conceded to all judicial tribunals ; when the contempt is not in the presence of the court, such power is not necessary. [Richmond v. Dayton, 10 Johns. 404; Regina v. Langley, Salk. 697; Greenvelt v. Burwell, 1 Lord Ray. 467.]

ORMOND, J.—The act of 1822, (Clay's Dig. 580, § 28,) makes it the duty of the Judge of the County Court, to appoint three fit persons to examine the books and the vouchers of the county treasurer, once in each year, and the principal question in the cause is, whether the act of 27th January, 1845, to organize the Board of Commissioners of Roads and Revenue of the county of Mobile, has not repealed the act of 1822, as it regards the county of Mobile.

In our opinion, such must be the construction of that act. The act provides for the election of a fifth commissioner, and requires the board, from among their number, to choose a President. The second section of the act is in these words : " The laws now in force, requiring the Judge of the County Court of Mobile county, to perform any duties as commissioner of revenue, ex officio, or otherwise, be and the same are hereby repealed."

The manifest design of this act was to deprive the Judge of the County Court of Mobile county, of all power over the revenue, and to vest it exclusively in the President and Commissioners. There would be no propriety whatever, in permitting the Judge of the County Court to exercise the power here claimed, now that he has ceased to be a member of the Board of Commissioners. The report of the examiners,

when made to him, since the change of the law, could produce no result. We are therefore clear in the opinion, that the action of the County Judge in this particular was not warranted by law.

This conclusion renders it unnecessary to inquire whether he could fine for the supposed contempt. The judgment must be reversed.

10   37
103   374

10   37
124   166

10   37
133   473

10   37
144   466